IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 96-30595
Summary Calendar

THOMAS E. JOHNSTON,

Plaintiff-Appellant,

versus

TIDEWATER MARINE SERVICE; TIDEWATER MARINE INC.; TWENTY GRAND
OFFSHORE INCORPORATED; TIDEWATER TOWING INC.,erroneously referred
to as Tidewater Marine Service Inc. & Tidewater Marine Inc.;
PENTAL INSURANCE COMPANY

Defendant-Appellee.

Appeal from the United States District Court
for the
Western District of Louisiana
(94-CV-1451)

April 23, 1997

Before JOHNSON, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas E. Johnston appeals the district court's partial denial
of his motion for new trial.  Plaintiff asserts that the jury's
verdict contained an irreconcilable conflict.  Because we find that
the district court did not err in reconciling the jury's verdict,
we affirm.

I.  Facts and Procedural History

_____

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

Johnston filed a complaint against Tidewater Marine Service, Twenty Grand Offshore, Inc., and Pental Insurance Company (Tidewater), asserting claims of negligence under the Jones Act, unseaworthiness, and maintenance and cure. These claims were tried to a jury. Throughout the trial both Johnston and Tidewater presented conflicting evidence concerning the value, nature, and necessity of certain medical procedures.

The district court submitted special interrogatories to the jury concerning each of the three causes of action asserted by Johnston. When the jury returned the verdict, they determined that Tidewater was not negligent, that the vessel was unseaworthy, and that Johnston was not entitled to cure and maintenance. In awarding compensatory damages for the unseaworthiness claim, the jury allocated $89,000 for future medical expenses.

Johnston filed a motion for new trial claiming, amongst other things, that the jury's award of future medical expenses was inconsistent with the finding that Johnston was not entitled to maintenance and cure. The district court denied the motion for new trial on this point stating that the jury's verdict could be reconciled when considering the large amount of evidence at trial that the treatment sought by Johnston was merely palliative and not curative in nature. Johnston now appeals the district court's partial denial of his motion for new trial.

## II. Discussion

We are required under the Seventh Amendment to make a

concerted effort to reconcile seemingly inconsistent answers to special interrogatories if possible. See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines Ltd., 369 U.S. 355, 364 (1962); White v. Grinfas, 809 F.2d 1157, 1161 (5th Cir. 1987). We must attempt to reconcile jury findings before we are free to disregard the verdict. See Gallick v. B&O R.R. Co., 372 U.S. 108, 119 (1963). This court has stated that the test used in reconciling apparent conflicts in jury verdicts is

> whether the answers may fairly be said to represent a logical and probable decision on the relevant issues as submitted, even though the form of the issue or alternative selective answers prescribed by the judge may have been the likely cause of the difficulty and largely produced the apparent conflict . . . . If on review of the District Court's judgment we find that there is no view of the case which makes the jury's answers consistent and that the inconsistency is such that the special verdict will support neither the judgment entered below nor any other judgment, then the judgment must be reversed and the cause remanded for trial anew.

Griffin v. Matherene, 471 F.2d 911, 915 (5th Cir. 1973) (citations omitted).

In the present case, Johnston contends that it is inconsistent to award compensatory damages for future medical expenses under a claim of unseaworthiness and then decline to find

3

that Tidewater owed a duty of maintenance and cure for those same medical expenses. We disagree. Importantly, unseaworthiness and maintenance and care are separate and distinct causes of action. See Ferrara v. A. & V. Fishing, Inc., 99 F.3d 449, 452 (6th Cir. 1996); see also, Liner v. J.B. Talley and Co., Inc., 618 F.2d 327, 332 (5th Cir. 1980). A claim for unseaworthiness is compensatory in nature maintenance while a claim for maintenance and cure is curative in nature. Cf. LeBlanc v. B.G.T. Corp., 992 F.2d 394, 397 (1st Cir. 1993). Under a maintenance and cure claim, a vessel owner only has a duty to make payments for necessary therapeutic, medical, and hospital expenses until maximum cure is reached. Maximum cure occurs

> when it appears probable that further treatment will result in no betterment of the seaman's condition. Thus, where it appears that the seaman's condition is incurable, or that future treatment will merely relieve pain and suffering but not otherwise improve the seaman's physical condition, it is proper to declare that the point of maximum cure has been achieved.

Gaspard v. Taylor Diving and Salvage Co., Inc., 649 F.2d 372, 375 n.3 (5th Cir. 1981) (citing Pelotto v. L & N Towing Co., 604 F.2d 396, 400 (5th Cir. 1979)). Therefore, when a particular medical procedure is merely palliative in nature or serves only to relieve

pain and suffering, no duty to provide payments for cure exists.[1]

As stated earlier, there was a large amount of conflicting testimony during the trial about whether the medical procedure Johnston was seeking monetary damages for was curative. After looking at the evidence presented at trial, it is entirely possible that the jury determined that the medical procedure Johnston was seeking compensation for was merely palliative instead of curative in nature. Thus, it would have been consistent for the jury to award compensatory damages for future medical expenses under the unseaworthiness claim yet find that Tidewater did not owe Johnston a duty of maintenance and cure.

Because we agree with the district court's conclusion that the jury's verdict can logically be reconciled we hold that the district court did not err in partially denying Johnston's motion for new trial.

AFFIRMED.

---

[1]We recognize that a formal definition of cure was not provided to the jury. However, simply using the ordinary meaning of the word cure--"to restore to health"--the jury could have concluded that if a medical procedure was not deemed curative in nature, Johnston was not entitled to recover expenses for the procedure under a claim for maintenance and cure. WEBSTER'S NEW COLLEGIATE DICTIONARY 276 (1979).